Chancellor Rutledge
delivered the decree of the. COm>t:
There are several questions in this case. First.. Whether the devise of the tract of land of one hundred and sixty acres, to testator’s wife, for life, and after her to his sons in fee, includes an important toll c.aus 'ya adjacent to and going over part of the tract of one hundred and sixty acres, hold under grant of the legislatura for a term of yearn ? The court is of opinion that though the testator devises to his wife that part of his lands on which the turnpike lies, he uses those words merely a3 1 descriptive of the land intended to be given; for he goes. on 8ays> that the income of the causey is to be applied to the payment of his debt; except so much as was essen-. tial t0 her support.
Secondly and thirdly. Whether the purchases mad» by Joshua a son of the testator, should not be set aside ? It was argued that as the contracts of infants when injurious to them, are not binding on them, and as Joshua was a mbior, (and died so) he and his representatives ought not to be at liberty to retain those which are bene-ücial, as was the case with his purchases of negroes, The court said that it was true the courts protected infants> and the rules of law and equity would not permit them to be bound by acts prejudicial to them. But equity will support such as are beneficial, more especially as in this instance the defendant (and also one of the *597 heirs) had made equally advantageous purchases at sales of the estate.
Fourthly. Whether the re-sale, made by the executor, of the causey, ought not to be set aside as void ? The court said there could be no doubt it must be set aside. The will did not give power to sell it. There was a necessity then to have the ordinary’s permission. It was obtained in the first instance, but upon his being after-wards satisfied that he had been misinformed, and that the necessities of the estate did not require a sale, he rescinded it. It was however argued, that the ordinary having once exercised his authority and granted permission to sell, he cannot revoke the same — and that the resale made by the executor, in spite ot such revocation by the ordinary was regular even though he bought it himself. This is not correct. It is essential to the existence of a court of inferior jurisdiction, that it should have the power to revise and correct any error or mistake in its proceedings, before they are finally completed, and decided on by the superior courts; and especially to revoke orders obtained by misrepresentation or mistake. It is true the ordinary could not punish this contempt of his authority (by a sale contrary to his order rescinding the permission to sell) other than by ecclesiastical censures which "would not now be much regarded. But this court will interpose, and though it will not punish the contempt, it will correct the offence by setting aside tiie sale.
Decree made accordingly. Costs out of the estate.